# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **KING HUDSON, individually and on behalf of others similarly situated** | Case No. 3:22cv72-NBB-JMV |
| **Plaintiff,** | |
| v. | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)** |
| **BENNY SKINNER, individually, and BENNY SKINNER d/b/a ALL-STAR SECURITY SERVICES** | |
| **Defendants.** | |

## ORIGINAL COMPLAINT

Plaintiff, King Hudson, brings this action against his former employers Benny Skinner, individually, and Benny Skinner d/b/a All-Star Security Services, and alleges as follows:

### I. OVERVIEW

1. Plaintiff brings claims under §216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, to recover unpaid overtime compensation individually and as a collective action on behalf of himself and all current and former security guards employed by Defendants during the last three (3) years who were not paid overtime for all hours worked in excess of forty (40) hours in a workweek, as required by §207(a) of the FLSA (hereinafter referred to as "Collective Members").

### II. JURISDICTION

2. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, to recover unpaid overtime compensation under §216(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

### III. PARTIES

3. Plaintiff, King Hudson, is a major individual domiciled in Memphis, Tennessee who worked for Defendants as a security guard from approximately September 2021 to April 2022.

4. Defendant, Benny Skinner d/b/a All-Star Security Services is a domestic unincorporated business located at 917 Ferncliff Cove, Suite 5, Southaven, Mississippi, 38671.

5. Defendant, Benny Skinner, is a major individual domiciled in the State of Mississippi, who may be served at 917 Ferncliff Cove, Suite 5, Southaven, Mississippi, 38671.

6. Benny Skinner and Benny Skinner d/b/a All-Star Security Services are collectively referred to herein as "Defendants."

### IV. VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as a significant portion of the facts giving rise to this lawsuit occurred in this District. Specifically, Plaintiff performed work for Defendants in this District, Defendants maintained a business operation and are domiciled within this District, and a substantial part of the events and/or omissions giving rise to the claims asserted herein arose within this District.

### V. COVERAGE UNDER THE FLSA

8. At all times hereinafter mentioned, Defendants were and are employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. §203(d).

9. At all times hereinafter mentioned, Defendants were and are an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

10. At all times hereinafter mentioned, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of

the FLSA, 29 U.S.C. §203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and the Collective Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§206-207 and are thus individually covered by the FLSA.

12. Plaintiff and the Collective Members used cell phones, computers, materials, supplies and equipment that were manufactured in or purchased and shipped from states other than Mississippi and performed work in and travelled between the State of Mississippi and Tennessee. Defendants accepted checks, credit cards, electronic payments for work performed by Plaintiff and the Collective Members and processed other transactions from customers through interstate banks and financial institutes and provided its employees with paychecks by electronic deposit. Further, Plaintiff and the Collective Members performed security work at worksites and buildings where goods were produced, assembled, stored or prepared for shipping out of state, all of which constitutes interstate commerce.

## VI. FACTS

13. Defendants operate a security company that provides a full range of security guard services in Mississippi and Tennessee. (*See*: www.allstarprotection.com) According to Defendants' website, Defendants provide security guard services to financial institutions, offices,

3

industrial locations, residences and buildings. Defendants' services also include utilization of marked vehicle patrols, investigations and alarm responses.

14. Defendant, Benny Skinner, individually, is the sole owner, operator and manager of All-Star Security Services.

15. Defendants employed Plaintiff and the Collective Members and participated directly in employment decisions regarding their rights for which they seek redress herein.

16. Defendants created, maintained and applied the unlawful payroll practice of failing to pay Plaintiff and the Collective Members overtime in violation of the FLSA.

17. Defendants are and have been "employers" of Plaintiff and the Collective Members within the meaning of the FLSA, 29 U.S.C. §203(d).

18. Defendants utilize workers such as Plaintiff and the Collective Members as security guards to provide security services.

19. Defendants pay security guards an hourly rate. Plaintiff was paid $13.00 per hour.

20. Typically, security guards work(ed) over forty (40) hours per week without overtime compensation.

21. For example, for the work week of December 20, 2021 to December 26, 2021, Plaintiff worked eighty-seven and one-half (87.5) hours and was paid straight time only for all hours worked. Plaintiff was not paid overtime for his hours over forty (40).

22. As further example, Plaintiff worked eighty (80) hours for the workweek of August 30, 2021 to September 5, 2021, and was paid straight time only for all hours worked. Plaintiff was not paid overtime for his hours over forty (40).

23. As further example, Plaintiff worked fifty-eight (58) hours for the workweek of February 28, 2022 to March 6, 2022 and was paid straight time only for all hours worked. Plaintiff was not paid overtime for his hours over forty (40).

24. Plaintiff's work schedule was typical of the work schedules and hours worked by the Collective Members who, like Plaintiff, were not paid overtime for hours over forty (40) in a work week.

25. Despite the fact that Plaintiff and the Collective Members worked more than forty (40) hours per week, Defendants failed to pay them overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty (40) in a workweek.

26. Defendants have employed and are employing other individuals as security guards who perform(ed) the same or similar job duties under the same payment scheme as Plaintiff and the Collective Members.

27. At all times relevant, Defendants had knowledge of Plaintiff's and the Collective Members' regular and overtime work. Defendants scheduled and assigned work and set deadlines for work to be completed.

28. Neither Plaintiff nor the Collective Members were compensated in accordance with the FLSA, 29 U.S.C. §207, because they were not paid overtime at an hourly rate of one hundred fifty percent (150%) of their regular rate of pay for all hours worked over forty (40) in a workweek.

29. Defendants knowingly, willfully or in reckless disregard of the law maintained a company-wide illegal policy and practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) in a workweek within the past three (3) years.


## VII. COLLECTIVE ALLEGATIONS

30. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

31. Plaintiff and the Collective Members performed the same or similar job duties as security guards.

32. Plaintiff and the Collective Members' job duties as security guards did not qualify for any exemption from the overtime requirements of the FLSA.

33. Plaintiff and the Collective Members were subjected to the same pay practice by not being compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek. The Collective Members are owed overtime wages for the same reasons as Plaintiff.

34. Defendants' failure to pay overtime to Plaintiff and Collective Members for all hours worked in excess of forty (40) hours in a workweek, as required by the FLSA, results from a uniform policy or practice applicable to all Collective Members.

35. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice of failing to pay overtime to Plaintiff and the Collective Members, in violation of the FLSA, resulted in the non-payment of overtime to Plaintiff applies to all Collective Members.

36. The Collective for purposes of notice pursuant to 29 U.S.C. §216(b) is defined as:

> All security guards who worked for Benny Skinner and/or Benny Skinner d/b/a All-Star Security Services within the last three (3) years who were not paid an overtime premium for all hours worked in excess of forty (40) in a workweek.

## VIII. VIOLATION OF THE FLSA FOR FAILURE TO PAY OVERTIME COMPENSATION

37. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

38. Plaintiff and the Collective Members are/were entitled to be paid one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

39. During their employment with Defendants, Plaintiff and the Collective Members regularly worked more than forty (40) hours in a workweek and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

40. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Collective Members.

41. Defendants did not act in good faith or in reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

42. Defendants' violations of the FLSA were and are willful, and Plaintiff and the Collective Members are entitled to liquidated damages.

43. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more workweeks, Plaintiff and the Collective Members have suffered damages including reasonable attorneys' fees and costs.

**PRAYER**

WHEREFORE, Plaintiff, King Hudson, prays for relief as follows:

    a. For an Order authorizing preliminary discovery to determine if Plaintiff and the Collective Members are similarly situated under the FLSA;

    b. For an Order allowing this action to proceed as a collective action under the FLSA and directing notice to all similarly situated workers;

c. For judgment awarding Plaintiff and those similarly situated all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

d. For an award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

e. For all such other and further relief to which Plaintiff and those similarly situated may show themselves to be justly entitled.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted:

/s/ Joel Dillard
Joel Dillard (MSB 104202)
Joel Dillard & Associates
775 N. Congress Street
Jackson, MS 39202
Telephone: (601) 509-1372
Fax: (601) 509-1372
joel.f.dillard@gmail.com