# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

KING HUDSON, individually and on
behalf of others similarly situated

    Plaintiff,

v.

BENNY SKINNER, individually, and
BENNY SKINNER d/b/a ALL-STAR
SECURITY SERVICES

    Defendant.

Civil Action No: 3:22-cv-00072-NBB-JMV

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' RULE 12(c)
## MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff King Hudson, by and through undersigned counsel, hereby submits this Opposition to Defendants' Rule 12(c) Motion for Judgment on the Pleadings. For the reasons that follow, Defendants' motion should be denied.

### PLAINTIFF HAS AMENDED HIS BANKRUPTCY SCHEDULE

Plaintiff filed a voluntary petition for Chapter 13 bankruptcy on March 22, 2022.[1] Thereafter, Plaintiff filed the instant Complaint on May 2, 2022. (*See* ECF No. 1). The bankruptcy court entered an Order confirming Plaintiff's bankruptcy plan on May 12, 2022. (Ex. 1, at ECF No. 16). Plaintiff filed an amended Schedule A/B on May 18, 2023.[2] The amended Schedule A/B identifies this proceeding in response to item number 33.

---

[1] The ECF docket sheet for Plaintiff's bankruptcy is attached as Exhibit 1.
[2] Attached as Exhibit 2.

## JUDICIAL ESTOPPEL SHOULD NOT APPLY

Now that Plaintiff has amended his bankruptcy schedule, the Court should not apply judicial estoppel to prevent him from pursuing this FLSA claim. The majority of cases cited and relied upon by Defendants involve Plaintiffs who failed to disclose or amend their bankruptcy schedules to list a pending claim and are thus distinguishable: *Brunet v. Senior Home Care,* 2015 U.S. Dist. LEXIS 14018, at *6 (E.D. La. Feb. 5, 2015) ("First, Brunet and Wall were required to disclose their FLSA claims in their bankruptcy filings but failed to do so, representing to the court that the claim did not exist."); *In Re Coastal Plains, Inc.,* 179 F.3d 197, 206 (5th Cir. 1999) ("Despite the undisputed facts that Coastal was aware of, but did not disclose, . . . "); *Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 599 (5th Cir. 2005) ("Jethroe had failed to disclose her pending EEOC charge and other potential lawsuits during the bankruptcy proceedings"); *Fornesa v. Fifth Third Mortgage Company,* 897 F. 2d 624, 627 (5th Cir. 2018) ("Therefore, Ricardo's failure to fulfill his Chapter 13 duty by amending his asset schedules 'impliedly represented' to the bankruptcy court that his financial status was unchanged."); *Flugence v. Axis Surplus Ins. Co.,* 738 F.3d 126 (5th Cir. 2013)("[Plaintiff] never disclosed to the bankruptcy court . . . that she had been in an accident and might prosecute a personal injury claim."); *In re Superior Crewboats, Inc.,* 374 F.3d 330, 331 (5th Cir. 2004) ("Neither did the [Plaintiffs] formally amend their bankruptcy filings, before discharge, to reflect this lawsuit.").

Defendants' cases are distinguishable from the present situation as Plaintiff has complied with his continuing duty to disclose by amending his bankruptcy schedule. Plaintiff's amended disclosure listing the instant lawsuit prevents application of the first prong of the judicial estoppel analysis as he no longer "fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe,* at 600.

2

Further, Plaintiff's bankruptcy matter is still pending. He continues to pay his creditors in accordance with the plan Order. He has not been granted a discharge and thus, the bankruptcy court could alter or amend the plan if it sees fit. Accordingly, the second prong of the judicial estoppel analysis is not applicable. The *Fornesa* Court held that "[t]he first and second elements of judicial estoppel [were] satisfied by [Plaintiff's] failure to amend his bankruptcy schedules to disclose the quitclaim deed or his putative claims against Fifth Third." *Id.* at 627. Conversely, the first and second elements are not satisfied where, as here, Plaintiff has amended his bankruptcy schedules to disclose the instant proceeding. Accordingly, the Court should deny Defendants' Motion.

### ALTERNATIVLY THE COURT SHOULD EXERCISE DISCRETION AND NOT APPLY JUDICIAL ESTOPPEL

"Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by the court at its discretion[.]" *Superior Crewboats*, 374 F.3d at 335; *Robinson v. Webster Cty. Miss.*, 2020 U.S. Dist. LEXIS 42178, at *9, (N.D. Miss. March 11, 2020). "The policies underlying the doctrine include preventing internal consistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *In re Coastal Plains, Inc.,* 197 F.3d at 205. Plaintiff respectfully suggests that his amended bankruptcy schedule disclosing this lawsuit, filed while his Chapter 13 proceeding is still pending and before a discharge has been granted, shows that Plaintiff is not playing "fast and loose" with the Courts. Plaintiff respectfully moves the Court to decline application of judicial estoppel because the policies of the doctrine would not be served under these circumstances.

## ALTERNATIVLEY THE COURT SHOULD ALLOW THE TRUSTEE TO PURSUE PLAINTIFF'S CLAIM

As a further alternative, Plaintiff respectfully suggests that the Court should exercise its equitable discretion and allow the bankruptcy trustee a reasonable period of time to enroll in this case and pursue Plaintiff's claims for the benefit of Plaintiff's creditors. In *In re Taxotere Prods. Liab. Litig.,* 2018 U.S. Dist. LEXIS 177531 (E.D. La. October 15, 2018), the plaintiff failed to disclose the existence of her pending Taxotere lawsuit (unlike Hudson who has amended his schedule and disclosed this proceeding) and received a discharge from the bankruptcy court. The court held that the plaintiff was estopped but allowed the trustee to pursue the claim. Citing *Reed v. City of Arlington,* 650 F.3d 571 (5th Cir. 2011), the *Taxotere* court held that "an innocent trustee can pursue for the benefit of creditors a judgment or cause of action that a debtor fails to disclose in bankruptcy" and that "the challenge is to fashion a remedy that does not do inequity by punishing the innocent." *Id* at *17.[3] Accordingly, the Court should allow Plaintiff's bankruptcy trustee to enroll and pursue this matter in the place of Plaintiff if the Court determines that Plaintiff is judicially estopped from proceeding.

## CONCLUSION

Because Plaintiff has amended his bankruptcy schedules, and disclosed and identified this proceeding, he has complied with his obligations under the bankruptcy code and thus, the criteria for judicial estoppel do not exist. The Court should deny Defendants' Motion or, alternatively, allow the bankruptcy trustee to enroll and pursue this claim to conclusion.

---

[3] *See: Babin v. Plaquemines Parish,* 2019 U.S. Dist. LEXIS 138647, at *17, (E.D. La. August 16, 2019, applying judicial estoppel to a plaintiff who failed to disclose a lawsuit as an asset in bankruptcy filings but allowed thirty (30) days for the bankruptcy trustee to move to substitute as plaintiff.

Respectfully submitted:

By: /s/ *Philip Bohrer*
Philip Bohrer, Esq. *(admitted pro hac vice)*
phil@bohrerbrady.com
Scott E. Brady, Esq. *(admitted pro hac vice)*
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Ste. B
Baton Rouge, LA 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

/s/ Joel Dillard
Joel Dillard
joel.f.dillard@gmail.com
Attorney at Law
775 N. Congress Street
Jackson, MS 39202
Telephone: (601) 509-1372

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered in this case. Any counsel not registered for electronic notice of filing with the Clerk of Court will be mailed a copy of the above and foregoing, First Class U.S. Mail, postage prepaid and properly addressed.

/s/ Philip Bohrer