**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

KING HUDSON, individually and on                                    PLAINTIFF
behalf of others similarly situated

                                                      CIVIL ACTION NO. 3:22-cv-00072-NBB-JMV

 v.

BENNY SKINNER, individually, and BENNY
SKINNER d/b/a ALL-STAR SECURITY
SERVICES                                                               DEFENDANTS

**REBUTTAL TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Benny Skinner ("Skinner") and Benny Skinner d/b/a All-Star Security

Services ("All-Star") (collectively, "Defendants"), by their attorneys, respectfully submit the

following rebuttal to Plaintiff's Opposition to Defendants' Motion for Judgment on the

Pleadings ("Opposition"):

**A.      Plaintiff's Belated Amendment of his Bankruptcy Schedule Does Not Save
         his Claims from Dismissal under the Judicial Estoppel Doctrine**

Plaintiff's Opposition substantially concedes that the three factors for application

of the judicial estoppel doctrine have been met:

  (1)  the position of the party against which estoppel is sought is plainly
       inconsistent with its prior legal position;
  (2)  the party against which estoppel is sought convinced a court to
       accept the prior position; and
  (3)  the party did not act inadvertently.

*Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (internal citation

omitted).  Plaintiff does not contest that his Bankruptcy Petition failed to disclose his

claims against Defendants, and that, therefore, he took plainly inconsistent positions in

his bankruptcy proceedings and in the instant action.  Further, he does not dispute that

he neglected to amend his bankruptcy pleadings when he filed his Complaint, and that the bankruptcy court accepted the information he submitted in his Bankruptcy Petition, which omitted information regarding his claims against Defendants, when it entered an order confirming a bankruptcy plan. Finally, Plaintiff does not claim that his failure to disclose until recently was inadvertent. *See* Doc. 23, Opposition. Based on these concessions, Plaintiff's Complaint should be dismissed pursuant to the judicial estoppel doctrine.

Plaintiff argues that because he filed an amended Schedule A/B on May 18, 2023, more than one year after he filed the instant action on May 2, 2022, and more than seven months after Defendants filed their Motion for Judgment on the Pleadings on October 14, 2022, the Court should not apply judicial estoppel. *See* Doc. 1, Complaint; Doc. 17, Motion; Doc. 23, Opposition, PageID 136-37. He asserts that by amending the schedule while his bankruptcy is open, the first and second prongs of the judicial estoppel analysis no longer are met. *See* Doc. 23, Opposition, PageID 137-38.

Plaintiff's arguments are without merit. The first and second prongs are satisfied when a debtor fails to amend a bankruptcy petition to disclose a claim he or she pursued after filing the petition, and the bankruptcy court confirms the debtor's bankruptcy plan in reliance on the veracity of his asset schedules. *Fornesa v. Fifth Third Mortgage Company*, 897 F.3d 624, 628 (5th Cir. 2018); *Brunet v. Senior Home Care*, 2015 U.S. Dist. LEXIS 14018, at *6 (E.D. La. Feb. 5, 2015) (*citing Jethroe,* 412 F.3d at 600). Both prongs are met here – prior to when Plaintiff amended his bankruptcy pleadings to disclose his claims against Defendants, the bankruptcy court confirmed Plaintiff's bankruptcy plan in reliance on the veracity of his asset schedules. The fact that Plaintiff's

bankruptcy remains open is not relevant to the issue of whether Plaintiff is estopped from pursuing his claims.

Further, contrary to Plaintiff's arguments, the Court should exercise its discretion to apply the judicial doctrine here, particularly where Plaintiff does not claim he acted inadvertently.  *See* Doc. 23, Opposition, PageID 138.  The Fifth Circuit addressed a similar procedural posture in *Love v. Tyson Foods, Inc.*, 677 F.3d 258 (5th Cir. 2012), where the plaintiff also filed for Chapter 13 bankruptcy and did not disclose his claims against defendants until after defendants moved for summary judgment asserting judicial estoppel.  *Id*. at 260-61.  The plaintiff responded to defendants' motion by unsuccessfully arguing:

> (1) "Plaintiff's positions are no longer inconsistent as [Love] supplemented his Schedule to list the current case as an asset in his bankruptcy"; (2) "the Defendant has failed to show the bankruptcy court has accepted the Plaintiff's prior position that he had no contingent claims"; (3) "Plaintiff will not derive any unfair advantage or impose any unfair detriment on any opposing party if not estopped"; and (4) "Plaintiff's bankruptcy is still pending and any monies paid by Defendant through settlement or judgment in this case would go into the bankruptcy to pay Plaintiff's creditors first."

*Id*. at 263.  On appeal, only the third prong of the judicial estoppel analysis was at issue, and the court addressed plaintiff's assertion that his nondisclosure was inadvertent.  *Id*. at 262.  The Fifth Circuit dismissed plaintiff's arguments that he would not derive an unfair advantage, and that monies from the lawsuit would go into the bankruptcy to pay his creditors – arguments plaintiff only made after the defendant "forced" him to disclose his claims – and agreed with the district court that there was no basis for concluding the failure to disclose was inadvertent.  *Id*. at 263.  The Court noted that, like Plaintiff here, the plaintiff's "failure to disclose his claims when he was required to do so has caused

considerable delay, increasing the likelihood that his lawsuit against [the defendant] would continue past the date his discharge is scheduled to occur." *Id*. at 264.

Further, *Love* emphasized that the Fifth Circuit

> has observed that "'[a]llowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them.'" *In re Superior Crewboats, Inc.*, 374 F.3d at 336 (second alteration in original) (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002)); *see also Thompson*, 2006 U.S. Dist. LEXIS 48409, at *23 (stating that "[a] plaintiff/debtor should not be allowed to amend a bankruptcy petition only after his omission has been challenged by an adversary") (citation and internal quotation marks omitted).

*Id*. at 265-66.  The Fifth Circuit "decline[d] to invite such abuses" in *Love*.  *Id*. at 266.

Here, the Court also should deter such abuses by denying Plaintiff the ability to shield his claims from application of the judicial estoppel doctrine by defensively amending his bankruptcy schedule long after he should have done so.  "[A]gainst the backdrop of the bankruptcy system . . . judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system . . . ." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271 (5th Cir. 2015) (quoting *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011)) (internal quotation marks omitted).

Finally, because Plaintiff has filed for bankruptcy, he lacks standing pursuant to the Bankruptcy Code to pursue the relief he seeks in this action.  *See* 11 U.S.C. § 323(a), (b) (addressing role and capacity of bankruptcy trustee).

**B.    Conclusion**

Defendants respectfully request, pursuant to Fed. R. Civ. P. 12(c), that the Court enter judgment in their favor and dismiss Plaintiff's Complaint with prejudice in its entirety. Should the Court permit time for the bankruptcy trustee to substitute into the litigation as requested by Plaintiff, Defendants respectfully request that the Court dismiss the case without prejudice for seven days following the date of the order to allow for such substitution, and then dismiss the case with prejudice in the event no trustee enters a substitution. *See U.S. ex rel. Long,* 798 F.3d at 276 (finding no abuse of discretion where district court gave trustee one week to decide whether to continue pursuing claims on behalf of estate before dismissing lawsuit). Regardless of whether the Court allows time for the bankruptcy trustee to substitute for Plaintiff in the litigation, Plaintiff's purported collective action should be dismissed with prejudice. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73, (2013) (holding FLSA collective action not justiciable when the named plaintiff's individual claim became moot, in the absence of any claimant opting in).

Respectfully submitted,

*/s/ Matthew G. Gallagher*
Matthew G. Gallagher (MS Bar No. 103159)
Littler Mendelson, P.C.
3725 Champion Hills Drive, Suite 3000
Memphis, TN 38125
Telephone: (901) 795-6695
Email: mgallagher@littler.com

Counsel for Benny Skinner and
All-Star Security Services

5

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a true and exact copy of the foregoing has been

served, via electronic mail, through the Court's Electronic Case Filing System, this 8th day

of June, 2023, upon the following:


Joel Dillard (MSB No. 104202)
Joel Dillard & Associates
775 N. Congress Street
Jackson, MS 39202
Telephone: 601.509.1372
Email: f.dillard@gmail.com

Philip Bohrer
Bohrer Brady, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
Telephone: 225.925.5297
Email: phil@bohrerbrady.com


                                         */s/ Matthew G. Gallagher*