IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KING HUDSON, individually and on
behalf of others similarly situated                                                                                    PLAINTIFF

v.                                                                                        CIVIL ACTION NO. 3:22-CV-72-SA-JMV

BENNY SKINNER, individually, and
BENNY SKINNER d/b/a ALL-STAR
SECURITY SERVICES                                                                                                     DEFENDANTS

ORDER AND MEMORANDUM OPINION

On May 2, 2022, King Hudson, individually and on behalf of others similarly situated, initiated this civil action by filing his Complaint [1] against Benny Skinner, individually, and Benny Skinner d/b/a All-Star Security Services ("the Defendants"). Now before the Court is the Defendants' Motion for Judgment on the Pleadings [17]. The Motion [17] has been fully briefed and is ripe for review.

*Relevant Factual and Procedural Background*

Hudson's Complaint [1] brings a claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA").

When Hudson filed his Complaint [1] in this Court on May 2, 2022, he was a debtor in a Chapter 13 bankruptcy proceeding, having filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee on March 3, 2022. Hudson did not disclose his FLSA claim against the Defendants on his bankruptcy schedule. On his Schedule A/B, he marked "No" under "Other amount someone owes you; Examples: unpaid wages[.]" [17], Ex. 1 at p. 13. He also marked "No" under "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment." *Id*. at p. 14.

The bankruptcy court confirmed his Chapter 13 bankruptcy plan on May 12, 2022. The plan included no reference to Hudson's FLSA claim. The Defendants filed the instant Motion [17] on October 14, 2022, arguing that Hudson should be judicially estopped from pursing his FLSA claim due to his failure to disclose his claim to the bankruptcy court.

Hudson filed an Amended Schedule A/B in the bankruptcy proceeding on May 18, 2023, listing his FLSA claim as an asset. He opposes the Motion [17].

*Analysis and Discussion*

"The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012) (citing *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc)). It is applied "particularly in situations where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *In re Oparaji*, 698 F.3d 231, 235 (5th Cir. 2012) (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988); *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 386 (5th Cir. 2008)). "The purpose of the doctrine is 'to protect the integrity of the judicial process,' by 'prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest.'" *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).

"Courts in the Fifth Circuit generally consider three criteria when evaluating a defense of judicial estoppel, including whether: (1) the party against whom judicial estoppel is sought has asserted a legal position that is 'plainly inconsistent' with a position asserted in a prior case; (2) the court in the prior case accepted that party's original position, thus creating the perception that one or both courts were misled; and, (3) the party to be estopped has not acted inadvertently." *In*

2

*re Oparaji*, 698 F.3d at 235 (quoting *Love*, 677 F.3d at 261). "[The Fifth Circuit] has noted that '[j]udicial estoppel is particularly appropriate where a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset.'" *Love*, 677 F.3d at 261-62 (citing *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005)) (ellipses omitted). The Court will address each criterion in turn.

      i.      *Plainly Inconsistent Legal Positions*

"[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *Love*, 677 F.3d at 261 (citing *In re Coastal Plains, Inc.*, 179 F.3d at 207-08; 11 U.S.C. § 521(1)). The duty to disclose pending and unliquidated claims in bankruptcy proceedings is an "ongoing one" and "pertains to potential causes of action as well." *Id.* (citing *Jethroe*, 412 F.3d at 600; *In re Coastal Plains, Inc.*, 179 F.3d at 208).

Here, Hudson has taken plainly inconsistent legal positions by representing to the bankruptcy court that he had no claims for unpaid wages or against third parties and then pursuing an FLSA claim in this Court. *See Allen v. C & H Dist., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (omission of claim from bankruptcy filing is a representation that claim did not exist). However, Hudson argues that, by amending his bankruptcy schedule on May 18, 2023 to include his FLSA claim, he no longer takes inconsistent legal positions. The Court is not convinced by this argument.

In *Lejeune v. Turner Industries Group, LLC*, 2012 WL 1118631, at *3 (E.D. La. Apr. 3, 2012), the United States District Court for the Eastern District of Louisiana rejected the argument Hudson makes, finding that "a debtor cannot 'cure' his initial failure to disclose [his claim] to the bankruptcy court by subsequently amending his property schedules." Additionally, other courts have impliedly rejected the argument by finding that a plaintiff's positions were inconsistent in

3

cases where the plaintiff had filed an amended bankruptcy schedule. *See Cargo v. Kansas City So. Ry. Co.*, 408 B.R. 631, 647 (W.D. La. 2009) (finding plaintiff asserted inconsistent positions despite plaintiff's filing of amended bankruptcy schedule); *Anderson v. Entergy Operations, Inc.*, 2012 WL 5400059, at *3 (S.D. Miss. Nov. 5, 2012) (where plaintiff did not amend his bankruptcy schedule to disclose his FLSA claim until after defendant moved for judicial estoppel, court found "because of the ongoing duty to report, [plaintiff] asserted a plainly inconsistent legal position not only when he initially failed to disclose, but also when he failed to supplement his bankruptcy schedules after filing this FLSA case").

Moreover, the Fifth Circuit has observed that "[a]llowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing his personal assets only if he is caught concealing them." *Love*, 677 F.3d at 265-66 (citing *In re Superior Crewboats, Inc.*, 375 F.3d 330, 336 (5th Cir. 2004); *Thompson v. Sanderson Farms, Inc.*, 2006 WL 7089989, at *7 (S.D. Miss. May 31, 2006) (stating that "[a] plaintiff/debtor should not be allowed to amend a bankruptcy petition only after his omission has been challenged by an adversary")). The Fifth Circuit has accordingly cautioned against permitting a non-disclosing debtor to pursue a claim after his concealment is brought to light. *Id.* at 266. The Court finds this consideration relevant here and declines to find that Hudson's inconsistency was cured by the filing of his amended schedule after the Defendants brought his omission to the Court's attention.

Despite his duty to disclose the claim, Hudson represented to the bankruptcy court that no FLSA claim existed, while representing to this Court that he did have such a claim. He maintained the inconsistent position until the Defendants moved to dismiss his claim in this Court. The Court finds that the first element of the judicial estoppel inquiry is satisfied.

4

### ii. Judicial Acceptance

As to the second element of the judicial estoppel inquiry—whether the first court accepted the party's position—the Defendants urge that the bankruptcy court accepted Hudson's position when it confirmed his Chapter 13 bankruptcy plan on May 12, 2022. In response, Hudson asserts that because his bankruptcy case is still open, the second prong of the estoppel analysis is not applicable because the bankruptcy court could amend his plan to reflect his Amended Schedule A/B.

"[J]udicial acceptance does not require a formal judgment; rather, it only requires that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *Id.* at 573 (citing *In re Superior Crewboats, Inc.*, 374 F.3d at 335) (internal quotation marks omitted). Courts have held that a bankruptcy court's confirmation of a bankruptcy plan that does not include the plaintiff's undisclosed claim sufficiently demonstrates that the bankruptcy court accepted the plaintiff's representation of his assets. *See Jethroe*, 412 F.3d at 600 (citing *In re Coastal Plains, Inc.*, 179 F.3d at 210); *In re Flugence*, 738 F.3d 126, 130 (5th Cir. 2013); *Anderson*, 2012 WL 540059, at *3.

Here, the bankruptcy court accepted Hudson's representation of his assets, including his representation that he had no potential claims against third parties, when it confirmed his bankruptcy plan on May 12, 2022. The second element of the judicial estoppel inquiry is satisfied.

### iii. Inadvertence

"[I]n considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Love*, 677 F.3d at 262 (citing *In re Coastal Plains, Inc.*, 179 F.3d at 210). A debtor lacks knowledge of the undisclosed claim

5

where he is unaware of the facts giving rise to them. *In re Flugence*, 738 F.3d at 130 (citing *Jethroe*, 412 F.3d at 601). "[A] lack of awareness of a statutory disclosure duty for [] legal claims is not relevant." *Id.* (citing *Jethroe*, 412 F.3d at 601 n. 4). Moreover, "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the non-disclosure." *Love*, 677 F.3d at 262 (citing *Thompson*, 2006 WL 7089989, at *7).

Here, Hudson offers no argument regarding whether his failure to disclose his FLSA claim was inadvertent. As noted, his motivation may be viewed as self-evident due to the potential financial benefit of the non-disclosure. However, there are also facts that suggest that Hudson knew of his FLSA claim when he filed his petition for bankruptcy. First, in his Complaint [1], Hudson lists examples of weeks where he was allegedly not paid overtime wages. Those dates include weeks that occurred *prior* to the filing of his bankruptcy petition, as well as the week that he filed his bankruptcy petition. *See* [1] at p. 4-5 (August 30, 2021 through September 5, 2021; December 20, 2021 through December 26, 2021; February 28, 2022 through March 6, 2022). Thus, he would have known at the time that he filed his petition that he had a claim for unpaid wages. Second, Hudson filed a Notice of Change of Employer on June 23, 2022, shortly after his bankruptcy plan was confirmed on May 12, 2022. *See* [23], Ex. 1. At the time he filed the Notice, he certainly would have known of his FLSA claim that had been filed in this Court on May 2, 2022. His choice to notify the bankruptcy court of his change in employment, but not his claim against his previous employer, suggests to the Court that his non-disclosure was *not* inadvertent. Therefore, the final prong of the judicial estoppel inquiry is satisfied.

Based on the above findings, all elements for the application of judicial estoppel are satisfied. However, Hudson raises an argument that the Court will consider before ruling.

> iv. *Hudson's Alternative Argument*

Hudson argues that the Court should exercise its discretion and refrain from applying judicial estoppel in this case. He asserts that "his amended bankruptcy schedule disclosing this lawsuit, filed while his Chapter 13 proceeding is still pending and before a discharge has been granted, shows that Plaintiff is not playing 'fast and loose' with the Courts." [23] at p. 3. Therefore, Hudson contends, the policies underpinning the doctrine of judicial estoppel would not be served by applying the doctrine under these circumstances.

The Court appreciates Hudson's argument. "[J]udicial estoppel 'is an equitable doctrine invoked by a court *at its discretion*.'" *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (citations omitted) (emphasis added). While "several factors typically inform the decision whether to apply the doctrine," judicial estoppel is not governed by "inflexible prerequisites or an exhaustive formula for determining [its applicability.]" *Id*. at 750-51, 121 S. Ct. 1808. And notably, in *In re Flugence*, where the Fifth Circuit affirmed the district court's application of judicial estoppel to the plaintiff's undisclosed personal injury claim, Judge Dennis wrote separately to note that the decision "[did] not imply that the same must be done in *all* cases in which a debtor fails to disclose a claim to the bankruptcy court." 738 F.3d at 132 (Dennis, J., concurring) (emphasis in original). Thus, the Court has the discretion to *not* apply judicial estoppel despite the above factors weighing in favor of its applicability.

Nevertheless, the Court finds that the application of judicial estoppel is appropriate in this case. As noted above, and as repeatedly emphasized by the Fifth Circuit, "[j]udicial estoppel is particularly appropriate where a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Love*, 677 F.3d at 261-62 (citing *Jethroe*, 412 F.3d at 600) (ellipses omitted).

7

Additionally, as the Defendants point out, this case resembles *Love v. Tyson Foods, Inc.*, 677 F.3d 258, and the Court finds relevant the considerations emphasized therein. In *Love*, the plaintiff disclosed his claim to the bankruptcy court only after the defendant moved for summary judgment based on judicial estoppel. *Id*. Similar to Hudson, the plaintiff made the following arguments:

> (1) "Plaintiff's positions are no longer inconsistent as [Love] supplemented his Schedule to list the current case as an asset in his bankruptcy"; (2) "the Defendant has failed to show the bankruptcy court has accepted the Plaintiff's prior position that he had no contingent claims"; (3) "Plaintiff will not derive an unfair advantage or impose any unfair detriment on any opposing party if not estopped"; and (4) "Plaintiff's bankruptcy is still pending and any monies paid by Defendant through settlement or judgment in this case would go into the bankruptcy to pay Plaintiff's creditors first."

*Id*. at 263.

The only issue before the Fifth Circuit was whether the plaintiff's non-disclosure was inadvertent. *Id*. at 262. The Court ultimately found that the plaintiff's arguments did not speak to whether he had a motive to conceal his claims or acted inadvertently. *Id*. Importantly though, and as discussed above, in rejecting an argument of the dissent, the court emphasized that it declined to invite debtors to disclose their assets only after being caught concealing them. *Id*. at 265. The court further emphasized:

> [E]ven after Love disclosed his claims, it is unclear whether his creditors would ultimately share in any recovery. Although Love amended his schedule of assets to list his claims against Tyson, his plan was not amended to provide that his creditors would be paid out of any recovery. Thus, there is nothing in the record that presently requires Love to pay his creditors. . . Love's failure to disclose his claims when he was required to do so has caused considerable delay, increasing the likelihood that his lawsuit against Tyson would continue past the date his discharge is scheduled to occur. The possibility that Love's creditors might not benefit from any recovery again demonstrates that the dissent is incorrect to

>assume that Love would be acting in the interest of his creditors if allowed to continue pursuing his claims against Tyson.

*Id*. at 264.

The Court finds that the same considerations are applicable here. While Hudson argues that he has filed an amended schedule and that he may still amend his bankruptcy plan, the fact of the matter is that he only disclosed his FLSA claim after the Defendants forced his disclosure. The Court has an interest in deterring debtors from concealing their claims until they are forced to disclose them. Moreover, Hudson has asserted that his Chapter 13 proceeding is still pending, but nothing in the record suggests that an amended plan has been accepted and that his creditors would benefit from his pursuit of his claim in this Court. Accordingly, and in light of the factors satisfied above, the Court finds that the application of judicial estoppel is appropriate. Hudson is barred from pursing his FLSA claim in this Court.

Lastly, should the Court apply judicial estoppel, as it has, Hudson asks that the Court allow the bankruptcy trustee to enroll in this case and pursue his claim for the benefit of his creditors. In *Reed v. City of Arlington*, 650 F.3d at 573, where the plaintiff was a debtor in a Chapter 7 bankruptcy proceeding, the Fifth Circuit held that as "a general rule, absent unusual circumstances, an innocent trustee can pursue for the benefit of creditors a judgment or cause of action that the debtor fails to disclose in bankruptcy." Since *Reed*, the Fifth Circuit has applied the same rule in the context of a Chapter 13 debtor's undisclosed claim. *See In re Flugence*, 738 F.3d at 128. The Defendants do not oppose the substitution of a trustee, though they request that the Court allow the trustee seven days to substitute himself for Hudson in this litigation. The Court will permit the bankruptcy trustee to pursue the claim.

9

*Conclusion*

For the reasons set forth above, the Defendants' Motion [17] is GRANTED. Hudson's Complaint [1] is DISMISSED *without prejudice*. However, the Court will not close the case at this time.

Hudson's counsel is hereby ORDERED to provide the Trustee with Notice of this Order within seven (7) days of today's date. Hudson's counsel shall file proof of service of the same on the docket in this case. The Trustee shall have thirty (30) days from the date of service to file a notice of intent to pursue this claim, as well as an Amended Complaint. If the Trustee fails to do so within thirty (30) days of the date of service, the Court will dismiss this action *with prejudice* and without further notice.

SO ORDERED, this the 8th day of November, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE